Filed 7/10/14  P. v. Brown CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B255391 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA072023) |
| v. | |
| MARLON BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, Staff Attorney, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Marlon Brown was convicted by plea in 2005 of attempted robbery, in violation of Penal Code sections 664/211.[1] Defendant was sentenced to 25 years-to-life pursuant to the three strikes law (§§ 1170.12, subds. (b)-(i) and 667, subds. (a)-(d)) because he had previously been convicted of four counts of residential burglary (§459).

Defendant filed a petition for recall of sentence pursuant to section 1170.126, enacted in 2012 by the passage of Proposition 36. Defendant requested to be resentenced as a second strike offender under the terms of the statute.

The trial court appointed counsel to represent defendant on the petition. The District Attorney opposed the petition on the ground defendant was currently serving an indeterminate life sentence under the three strikes law for conviction of the serious felony of attempted robbery. (§ 1192.7, subd. (c) (19).) The trial court denied the petition because defendant's current serious felony conviction renders him ineligible for relief under section 1170.126, subdivision (e)(2).

Defendant filed a timely notice of appeal. This court appointed counsel for defendant. Appointed counsel filed a brief raising no issues, but requested this court to independently review the record for arguable contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised by letter from this court of his right to file a supplemental brief within 30 days.

Defendant filed a letter brief with this court, which details his acceptance or responsibility for his prior conduct, his understanding of right and wrong, and the steps toward rehabilitation he has taken while incarcerated. Defendant requests resentencing, but does not make a legal argument justifying relief under section 1170.126.

Our review of the record indicates that the trial court properly denied the petition for resentencing. Defendant is statutorily ineligible for resentencing due to his current conviction of a serious felony. Although defendant's acceptance of responsibility and

---

[1] All statutory references are to the Penal Code.

steps toward rehabilitation are commendable, they do not provide a basis for resentencing under the language of section 1170.126.

We have conducted an independent review of the record on appeal. There are no arguable appellate contentions in this case. The judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.

We concur:


MOSK, Acting P. J.


MINK. J. *

---

* Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.